UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| THOMAS E. PEREZ,<br>   Secretary of Labor,<br>   United States Department of Labor,<br><br>                Plaintiff,<br>        v.<br><br>CARNICERIA LA PIEDAD, LLC, a limited liability company;<br>CARNICERIA MICHOACAN, LLC, a limited liability company;<br>ELISEO CASTILLO GOMEZ, individually and as a managing agent of the limited liability companies,<br>JUAN PALOMINO, individually and as a managing agent of Crniceria La Piedad, LLC,<br>                Defendants. | Case No. CV13-2498-PHX-DGC<br><br>**CONSENT JUDGMENT** |

    Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Secretary") and Defendants, CARNICERIA LA PIEDAD, LLC, a limited liability company; CARNICERIA MICHOACAN, LLC, a limited liability company; ELISEO CASTILLO GOMEZ, individually and as a managing agent of the limited liability companies, and JUAN PALOMINO, individually and as a

managing agent of Crniceria La Piedad, LLC (collectively, "Defendants" have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

    A.    The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5).

    B.    Defendants have appeared and, having retained counsel, acknowledge receipt of a copy of the Secretary's Complaint.

    C.    Defendants waive issuance and service of process and waive answer and any defenses to the Secretary's Complaint.

    D.    The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

    E.    Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the United States District Court, District of Arizona.

    F.    Defendants understand and agree that demanding or accepting any of the funds due employees under this Judgment or threatening any employee for accepting money due under this Judgment or for exercising any of their rights under the FLSA is specifically prohibited by this Judgment and may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from

violating the provisions of Sections 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 215(a)(5), in any of the following manners:

1.     Defendants shall not, contrary to FLSA § 6, 29 U.S.C. § 206, pay any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), wages at a rate less than $7.25 an hour (or less than the applicable minimum rate as may hereafter be established by amendment to the FLSA).

2.     Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

3.     Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

4.     Defendants, jointly and severally, shall not continue to withhold the payment of $129,809.69 in minimum wage and overtime pay hereby found to be due under the FLSA to 34 employees, as a result of their employment by Defendants during the period of July 11, 2011 through July 7, 2013 ("back wage accrual period") as set forth in the attached Exhibit 1, showing the name of each employee and listing on the same line the gross backwage amount due the

employee and the period covered by the Consent Judgment.

5. To accomplish the requirements of Paragraph 4, Defendants shall deliver to the United States Department of Labor, Wage and Hour Division, 230 N. First Avenue, Suite 402, Phoenix, Arizona 85003:

   a. On or before November 30, 2013, a schedule in duplicate bearing the name of the corporate Defendants, employer identification number, address, and phone number of the corporate Defendants and showing the name, last known (home) address, social security number, gross backwage amount for each person listed in the attached Exhibit 1.

   b. Defendants shall make the payments set forth on the attached Exhibit 2. Each payment shall be made by a certified, or cashier's check or money order and includes interest calculated at 1% per year on the unpaid balance until the balance is paid in full. Each payment shall have the Firms name and "BWs + Int." written on it, payable to the order of the "Wage and Hour Div., Labor,".

   c. In the event of any default in the timely making of any payment due hereunder, the full amount due under the backwage and liquidated damages provisions of this Judgment which then remains unpaid, plus post-judgment interest at the rate of 10% per year, from the date of this Judgment until paid in full, shall become due and payable upon the Secretary's sending by ordinary mail a written demand to the last business address of the defendants then known to the Secretary.

   d. The Secretary shall allocate and distribute the funds described in paragraph 4 less deductions for employees' share of social security and withholding taxes on the backwage amounts to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the

date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

6. Defendants shall amend and maintain their payroll practices to comply with the FLSA. To accomplish the provisions of this paragraph:

    a. Defendants shall record all hours worked by employees in the payroll records.

    b. Defendants shall maintain all timecards and payroll records for a period of not less than three years.

    c. Defendants shall reflect all the amounts paid to employees, regardless of the manner of payment, on the payroll records.

    d. Defendants shall pay employees for all compensable waiting time.

    e. Defendants shall not direct supervisors or payroll preparers to falsify timecards in any manner including reducing the number of hours worked by employees.

    f. Defendants shall not request, require or otherwise cause employees to sign inaccurate timecards.

    g. Defendants shall not require employees to work "off the clock" either before or after their shift.

    h. Defendants shall record all work performed by a single employee during a pay period on one time card and not split up the hours worked on multiple time cards regardless of the number of duties or tasks performed by that employee or the location where these duties are performed;

7. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly

1 or indirectly, demand, require or accept any of the backwages or liquidated
2 damages from any of the employees listed on the attached Exhibit 1.  Defendants
3 shall not threaten or imply that adverse action will be taken against any employee
4 because of their receipt of funds due under this Judgment.  Violation of this
5 paragraph may subject the defendants to equitable and legal damages, including
6 punitive damages and civil contempt.

7     8. Defendants, their officers, agents, servants, and employees and those
8 persons in active concert or participation with them, shall not in any way retaliate
9 or take any adverse employment action, or threaten or imply that adverse action
10 will be taken against any employee who exercises or asserts his or her rights under
11 the FLSA or provides information to any public agency investigating compliance
12 with the FLSA. Violation of this paragraph may subject the defendants to equitable
13 and legal damages, including punitive damages and civil contempt.

14     9. Within 30 days of the entry of this Judgment, Defendants shall supply
15 all of their employees with copies of the attached Exhibit 3, which summarizes
16 terms of this Judgment and the employees' rights under the FLSA.  The English
17 and Spanish versions are attached.  In addition, Defendants shall provide copies of
18 Exhibit 3 to all new hires, and post a copy at each business establishment in an area
19 that is frequented by employees and where it is highly visible. This provision shall
20 be in effect for a period of four years from the date entry of this Judgment by the
Court.

21     10. Within 10 days of the entry of this Judgment, Defendants shall post
22 this Judgment at each business establishment in an area that is frequented by
23 employees and where it is highly visible. This provision shall be in effect for a
24 period of four years from the date entry of this Judgment by the Court.

25     ORDERED that the filing, pursuit, and/or resolution of this proceeding with

**CONSENT JUDGMENT**         **Page 6 of 14**

the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 nor as to any employee named on the attached Exhibit 1 for any period not specified therein; and, it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated this 15th day of January, 2014.

_____
David G. Campbell
United States District Judge

For the Defendants:
The Defendants hereby appear, waive any defense herein, consent to the entry of this Judgment, and waive notice by the Clerk of Court:

For: CARNICERIA LA PIEDAD, LLC

By: _____  10/31/13
                              Date

Its: MANAGER

For: CARNICERIA MICHOACAN, LLC

By: _____  10/31/13
                              Date

Its: MANAGER

For: ELISEO CASTILLO GOMEZ

By: _____  10/31/13
Eliseo Castillo Gomez, Individually    Date

For: JUAN PALOMINO

By: _____  10/31/13
Juan Palomino, Individually    Date

**CONSENT JUDGMENT**                              Page 8 of 14

1 | Attorneys for the Defendants

_[signature]_     10/31/13
Jeff McKee, Esq.     Date

For the Plaintiff:

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

_/s/ Boris Orlov_          12-11-13
BORIS ORLOV, Attorney       Date
Attorneys for the Plaintiff
U.S. Department of Labor

# EXHIBIT 1

| First Name | Last Name | BWs Due | Violation Begin Date | Violation End Date |
|---|---|---|---|---|
| CRISTIAN | ALVARADO MARTINEZ | $ 7,000.00 | 10/9/2011 | 3/17/2013 |
| RODOLFO | AQUI | $ 8,749.65 | 7/10/2011 | 12/29/2012 |
| RAMON | BAEZ | $ 902.01 | 6/10/2012 | 6/10/2012 |
| EDGAR | BERNAL | $ 1,866.85 | 1/13/2013 | 3/17/2013 |
| REYNALDO | BERNAL | $ 2,297.65 | 1/13/2013 | 3/17/2013 |
| JORDAN | BUSH | $ 2,284.04 | 9/11/2011 | 2/12/2012 |
| KAYLA | BUSH | $ 2,707.29 | 3/11/2012 | 7/29/2012 |
| EVERARDO | CANCHOLA | $ 3,700.00 | 3/27/2011 | 12/11/2011 |
| MARTHA | CARMONA | $ 2,545.27 | 6/19/2011 | 3/17/2013 |
| LUIS | CHAIDEZ | $ 2,125.34 | 10/28/2012 | 3/17/2013 |
| LUIS | CHAYANNE | $ 1,247.79 | 12/16/2012 | 3/17/2013 |
| ABIGAIL | DUARTE | $ 131.80 | 4/17/2011 | 8/14/2011 |
| MIGUEL | GARCIA | $ 7,720.49 | 12/18/2011 | 1/19/2013 |
| JUAN CARLOS | IVAL MUNOZ | $ 1,680.00 | 10/28/2012 | 3/17/2013 |
| JAVIER | LOPEZ | $ 8,834.00 | 12/4/2011 | 12/23/2012 |
| JOSE | LOPEZ | $ 1,486.41 | 2/3/2013 | 3/17/2013 |
| MARIA | MARTINEZ | $ 899.68 | 3/27/2011 | 12/4/2011 |
| AVISLEN | MENDEZ | $ 32.18 | 7/1/2012 | 8/26/2012 |
| REYNALDO | MENDOZA | $ 4,953.85 | 6/12/2011 | 5/13/2012 |
| NOE | MORENO | $ 12,079.70 | 5/22/2011 | 3/17/2013 |
| JOSE LUIS | MUNOZ | $ 14,408.41 | 5/22/2011 | 3/17/2013 |
| GABBY | ORONA | $ 1,309.75 | 4/8/2012 | 3/17/2013 |
| LIZETH | PENA | $ 2,371.97 | 8/21/2011 | 3/10/2013 |
| LORENZO | PERALES | $ 1,614.32 | 10/13/2012 | 2/17/2013 |
| VALERIA | PEREZ | $ 548.48 | 11/13/2011 | 11/20/2011 |
| ALEX | PIMENTEL | $ 1,043.08 | 5/22/2011 | 9/4/2011 |
| JOSE | PIMENTEL | $ 2,933.33 | 7/22/2012 | 3/17/2013 |
| RAFAEL | PIMENTEL | $ 10,668.86 | 5/22/2011 | 3/17/2013 |
| JARED | RAMOS | $ 1,145.08 | 1/13/2013 | 3/17/2013 |
| RANDY | RODRIGUEZ | $ 1,414.57 | 12/9/2012 | 3/17/2013 |
| RICARDO | RODRIGUEZ | $ 4,161.00 | 6/10/2012 | 3/17/2013 |
| JOSE | ROSAS | $ 4,092.31 | 6/10/2012 | 3/17/2013 |
| CRISTINA | SALDANA | $ 3,922.85 | 12/18/2011 | 3/17/2013 |
| GUSTAVO | SILVA | $ 6,931.68 | 12/4/2011 | 3/17/2013 |
| **TOTAL** | | **$ 129,809.69** | | |

# EXHIBIT 2

| Payment No. | Due Date | Amount Due | Interest Due | Total Payment Due |
|---|---|---|---|---|
| 1 | 11/30/2013 | $32,452.42 | | $32,452.42 |
| 2 | 12/15/2013 | $8,075.99 | $81.13 | $8,157.12 |
| 3 | 1/15/2014 | $8,082.72 | $74.40 | $8,157.12 |
| 4 | 2/15/2014 | $8,089.45 | $67.67 | $8,157.12 |
| 5 | 3/15/2014 | $8,096.19 | $60.93 | $8,157.12 |
| 6 | 4/15/2014 | $8,102.94 | $53.90 | $8,157.12 |
| 7 | 5/15/2014 | $8,109.69 | $47.43 | $8,157.12 |
| 8 | 6/15/2014 | $8,116.45 | $40.67 | $8,157.12 |
| 9 | 7/15/2014 | $8,123.22 | $33.90 | $8,157.12 |
| 10 | 8/15/2014 | $8,129.99 | $27.13 | $8,157.12 |
| 11 | 9/15/2014 | $8,136.77 | $20.35 | $8,157.12 |
| 12 | 10/15/2014 | $8,143.54 | $13.58 | $8,157.12 |
| 13 | 11/15/2014 | $8,150.32 | $6.79 | $8,157.12 |
| **Total** | | **$129,809.69** | **$527.88** | **$130,337.86** |

EXHIBIT 3

# LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked. In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek. All employees, whether they are paid **hourly, flat or daily rate** basis are entitled to overtime when they work over 40 hours. The employer is also required to accurately record all the hours worked by employees.

**CARNICERIA LA PIEDAD, LLC.,** and **CARNICERIA MICHOACAN, LLC** have settled a lawsuit with the **United States Department of Labor**. As part of this settlement, they have agreed to pay unpaid back wages owed to some employees. The Department of Labor will distribute these checks to the employees who are owed money. **Nobody from the company can ask you for this money back, and no employee must return this money back.**

Your employer wants you to know that it is committed to ensuring that all employees are paid minimum wage and overtime when it is due and is committed to fully complying with all laws enforced by the Department of Labor. If you are not paid minimum wage or overtime, or if anybody associated with this employer tells employees to return their wages, please call the **U.S. Department of Labor at (602) 514-7100,** or **(866) 4-USWAGE, (866) 487-9243**. Your name will be kept confidential and not disclosed.

# AVISO LEGAL A TODOS LOS EMPLEADOS

**La Ley de Normas Razonables de Trabajo** establece normas del **salario mínimo**, pago de sobretiempo a **tiempo y medio** de la cantidad de pago por todas las horas arriba de 40 semanalmente. No importa si los empleados reciben el pago por **hora** o por **pedazo**, debería recibir tiempo y medio para todas las horas arriba de 40.

**CARNICERIA LA PIEDAD, LLC.,** and **CARNICERIA MICHOACAN, LLC** ha alcanzado una resolución legal con el **Departamento de Trabajo de E.E.U.U.** Como parte de esta resolución, se hizo un acuerdo el patrón a pagarles sueldos atrasados a unos empleados. El Departamento se va a distribuir los cheques a los empleados debidos. **Ninguna persona de esta compañía tiene permiso pedir el dinero de regreso. Ni ningún empleado deber entregar estos sueldos atrasados al patrón.**

Su patrón quiere que sepa que esta cometido al cumplir con la ley de salario mínimo y a pagarles sobre tiempo cuando le deben y que se va a cumplir con todas las leyes que ejecutado con el Departamento de Trabajo.  Si usted no recibirá el salario mínimo ni el tiempo extra o si alguien asociado con el patrón le dice que hay que entregar los sueldos atrasados al patrón, por favor llamar al **Departamento de Trabajo de E.E. U. U a (602) 514-7100 o 1-866-487-9243.**  Mantendremos su nombre completamente confidencial y no lo usaremos.